# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ROLAND T. TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-00129-CV-W-DW |
| | ) | |
| RONNIE RAHE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Second Motion to Quash (Doc. 335) filed by Joyce Goering, a non-party subpoenaed witness. Pursuant to Rule (d)(3)(A)(iv) of the Federal Rules of Civil Procedure, Ms. Goering moves to quash the subpoena served to her on May 7, 2014 by Defendant. In the alternative, Ms. Goering moves to be allowed to sit for a videotaped deposition in lieu of testifying in person. The subpoena directs Ms. Goering to appear and testify at trial on May 12, 2014 at 1:00 p.m. and on May 13, 2014 at 9:00 a.m. Upon review, the Court concludes that the motion should be denied.

Ms. Goering argues that the subpoena should be quashed because it imposes an undue burden on her. Rule 45(d)(3)(A)(iv) requires the court to quash or modify a subpoena that subjects a person to undue burden. In determining whether a subpoena poses an undue burden, the court should balance the relevance of the testimony sought and the requesting party's need for the testimony against the potential hardship to the party subject to the subpoena. Plant Genetic Sys., N.V. v. Northrup King Co., 6 F. Supp.

2d 859, 861 (E.D. Mo. 1998) (quoting Heat & Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986). The burden of proving that a subpoena poses an undue burden rests with the party moving to quash and is a heavy one. Hunte Corp. v. Martinelli, No. 10-9005-RED, 2010 U.S. Dist. LEXIS 122863 at *4 (W.D. Mo. Nov. 19, 2010) (quoting Heat & Control, Inc., 785 F.2d at 1025).

As for the hardship imposed by the subpoena, Ms. Goering alleges that she has multiple disabling medical conditions that outweigh the need for her testimony at trial. She asserts that the stress of appearing and testifying in person will aggravate her health problems. In support, she has provided a letter from her doctor recommending that she not be required to face plaintiff in court, stating that Ms. Goering has SLE[1], which can be aggravated by stress, and has expressed concern that testifying would be stressful. She further claims that she fears facing Plaintiff due to his allegedly cursing at her and threatening her on February 28, 2003.

Regarding the relevance of and need for her testimony, Ms. Goering argues that most of her likely testimony is not in dispute, and all of her testimony is available from other sources. Specifically, Ms. Goering states that the parties agree that on the date of the incident at issue she was passing out medication, Plaintiff requested his medication, she believed that Plaintiff cursed at her, and she asked him to apologize to her before she would give him his medication. She argues that whether Plaintiff actually cursed at her is secondary to the main issue in this case, that being whether Defendant used excessive

---

[1] See Letter of Anne M. Regier, M.D. (Doc 335-2) ("She carries the diagnosis of systemic lupus erythematosus.").

2

force thereafter.  She further argues that her testimony is already available to the parties via written exhibits listed in Defendant's pre-trial memorandum.

While the Court appreciates Ms. Goering's health issues and her desire to not face Plaintiff, the Court is not persuaded that requiring her to appear and testify at trial will cause her the general harm alleged.  Also, in their responses opposing Ms. Goering's first motion to quash, Plaintiff and Defendant each asserted that Ms. Goering's testimony as to Plaintiff's actions is both relevant and necessary to provide a context and basis for Defendant's subsequent actions, which go to the heart of Plaintiff's claims.  Further, the Court does not find that the written exhibits or a videotaped deposition will allow Plaintiff the necessary right to cross-examine Defendant's witness.  As a result, the Court does not find that compliance with the subpoena will subject Ms. Goering to an undue burden.  The Court will, however, work with counsel to minimize the time spent waiting to testify by Ms. Goering.

IT IS THEREFORE ORDERED that the Second Motion to Quash (Doc. 328) is DENIED.

SO ORDERED.

Date:  May 9, 2014           /s/ Dean Whipple
                                                  Dean Whipple
                                       United States District Judge